UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| A.I.J.P., <br><br> Petitioner, <br><br> v. <br><br> CHRISTOPHER CHESTNUT, et al., <br><br> Respondents. | No. 1:26-cv-01604-DJC-CKD <br><br><br> ORDER |

    Petitioner filed a Petition for Writ of Habeas Corpus (Pet. (ECF No. 1)) and a Motion for Temporary Restraining Order (Mot. (ECF No. 12)) seeking release from the custody of Immigration and Customs Enforcement ("ICE"). Neither party objected to the conversion of the Motion for Temporary Restraining Order to a Motion for Preliminary Injunction.

    Petitioner raises claims that are functionally identical to those this Court has already addressed in prior orders. Petitioner entered the country in 2018, and he was detained shortly after entry. (Mot. at 2.) He was released from custody on bond on February 12, 2019. (*Id.*) Petitioner was re-detained by ICE in February 2026 when he was transferred from local custody to ICE custody. (Mot. at 20) Petitioner's present re-detention was enacted without notice or an opportunity to be heard.

The Court's prior orders are dispositive on the issues raised in the Petition and Motion.  *See Lopez v. Lyons*, No. 2:25-cv-03174-DJC-CSD, 2025 WL 3124116 (E.D. Cal. Nov. 7, 2025); *Singh v. Andrews*, No. 1:25-cv-01543-DJC-SCR, 2025 WL 3248059 (E.D. Cal. Nov. 19, 2025); *Mariagua v. Chestnut*, No. 1:25-cv-01744-DJC-CSK, 2025 WL 3551700 (E.D. Cal. Dec. 11, 2025); *Ortega v. Noem*, No. 1:25-cv-01663-DJC-CKD, 2025 WL 3511914 (E.D. Cal. Dec. 8, 2025); *Souza v. Robbins*, No. 1:25-cv-01597-DJC-JDP, 2025 WL 3263897 (E.D. Cal. Nov. 23, 2025).  For the reasons stated in those cases, Petitioner has established that he has a likelihood of success on the merits.  Petitioner has a clear liberty interest in his continued release.  *See Zadvydas v. Davis*, 533 U.S. 678, 690 (2001).  Applying the balancing test described in *Mathews v. Eldridge,* 424 U.S. 319 (1976), and for the reasons identified in the Courts' prior orders, the Court finds that Petitioner has a substantial private interest in maintaining his out-of-custody status, the risk of erroneous deprivation here is considerable, and Respondents' interest in detention is low as the effort and costs required to provide Petitioner with procedural safeguards are minimal.  While a pre-deprivation hearing is often required, there may be circumstances requiring arrest such that prompt post-deprivation hearings are appropriate.  *See J.S.H.M. v. Wofford*, No. 1:25-cv-01309-JLT-SKO, 2025 WL 2938808, at *15 (E.D. Cal. Oct. 16, 2025) (citation omitted).  In light of the fact that Petitioner was re-detained by ICE following a criminal custodial sentence, the Court finds that a post-deprivation hearing in these circumstances is proper.

Petitioner has also established irreparable harm based on the deprivation of constitutional rights via immigration detention.  *See Melendres v. Arpaio*, 695 F.3d 990, 1002 (9th Cir. 2012); *see also Hernandez v. Sessions*, 872 F.3d 976, 995 (9th Cir. 2017).  The balance of the equities and public interest are merged as the Government is the non-moving party, and these factors clearly weigh in Petitioner's favor.  *See Melendres*, 695 F.3d at 1002; *Baird v. Bonta*, 81 F.4th 1036, 1042 (9th Cir. 2023) ("The government also cannot reasonably assert that it is harmed in any legally cognizable

sense by being enjoined from constitutional violations." (internal citations and quotation marks omitted)); *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1037 (N.D. Cal. 2025) ("[T]he public has a strong interest in upholding procedural protections against unlawful detention, and the Ninth Circuit has recognized that the costs to the public of immigration detention are staggering.").

"The court may issue a preliminary injunction or a temporary restraining order only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." Fed. R. Civ. P. 65(c).  The Court has "discretion as to the amount of security required, if any," and it "may dispense with the filing of a bond when it concludes there is no realistic likelihood of harm to the defendant from enjoining his or her conduct." *Jorgensen v. Cassiday*, 320 F.3d 906, 919 (9th Cir. 2003).  Because the "the [Government] cannot reasonably assert that it is harmed in any legally cognizable sense by being enjoined from constitutional violations," *Zepeda v. U.S. I.N.S.*, 753 F.2d 719, 727 (9th Cir. 1983), the Court finds that no security is required here.

Accordingly, as all of the *Winter* factors weigh in Petitioner's favor, IT IS HEREBY ORDERED that:

1. Petitioner's Motion for Temporary Restraining Order (ECF No. 12) is converted to a Motion for Preliminary Injunction and is GRANTED.
2. Within five (5) days of this Order, Respondents shall afford Petitioner A.I.J.P. a constitutionally adequate bond hearing before an Immigration Judge. The Government shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or risk of flight, and Petitioner shall be allowed to have counsel present.

////

////

////

3. This matter is referred to the assigned Magistrate Judge for all further proceedings.

IT IS SO ORDERED.

Dated: **March 9, 2026**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE